[No. 24131–1–I.   Division One.   September 24, 1990.]

THE STATE OF WASHINGTON, *Respondent*, v. CHRISTOPHER W. FALCO, *Appellant*.

*James W. Conroy* of *Society of Counsel Representing Accused Persons,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *Denis O'Leary, Deputy,* for respondent.

PEKELIS, J.—Christopher Falco appeals his conviction for communication with a minor for immoral purposes. Falco contends that the trial court erred in finding him guilty of the uncharged offense of communication with a minor for immoral purposes as a lesser included offense of attempted statutory rape in the first degree.

I

On June 8, 1988, Falco, a minor over 13 years old, asked J.R., a 5-year-old, to accompany him into the woods

behind J.R.'s house. J.R. sat on a log and Falco stood behind him and rubbed his shoulders. Falco then said to J.R., "pull down your drawers and let me put my dick in your butt." After Falco repeated the statement, J.R. ran to his house and related the incident to his mother.

J.R.'s mother apparently notified the Seattle Police Department of this incident. On June 24, 1988, a police detective and a prosecuting attorney interviewed J.R. During that interview, in addition to the facts above, J.R. said that Falco had attempted to pull his pants down.

The State charged Falco with attempted statutory rape in the first degree. At trial, J.R. testified about the incident but did not repeat his earlier statement that Falco had attempted to pull his pants down. The trial court found Falco not guilty of attempted statutory rape in the first degree. However, the court amended the charge sua sponte and found Falco guilty of communication with a minor for immoral purposes.

## II

On appeal, as below, Falco contends that the trial court erred in amending the charge and convicting him of communication with a minor for immoral purposes because it is not a lesser included offense of attempted statutory rape.

A court may amend the charges against a defendant sua sponte where the amended charge is a lesser included offense. *State v. Jollo,* 38 Wn. App. 469, 474, 685 P.2d 669 (1984). As the court in *State v. Pelkey, infra,* explained:

> A lesser included offense exists when all of the elements of the lesser offense are necessary elements of the greater offense. Put another way, if it is possible to commit the greater offense without having committed the lesser offense, the latter is not an included crime.

*State v. Pelkey,* 109 Wn.2d 484, 488, 745 P.2d 854 (1987) (quoting *State v. Rhinehart,* 92 Wn.2d 923, 926, 602 P.2d 1188 (1979) (quoting *State v. Bishop,* 90 Wn.2d 185, 191, 580 P.2d 259 (1978))); *see also State v. Roybal,* 82 Wn.2d 577, 583, 512 P.2d 718 (1973).

It is undisputed that the facts of the particular case before us would support a finding that the crime of communication with a minor for immoral purposes was committed. *See State v. Workman,* 90 Wn.2d 443, 447–48, 584 P.2d 382 (1978). However, "[t]he test for a lesser included offense focuses on the statutory elements of the greater and lesser crimes, rather than on the facts of the particular case in which the two crimes occur." *State v. Schneider,* 36 Wn. App. 237, 242–43, 673 P.2d 200 (1983). In *State v. Johnson,* 100 Wn.2d 607, 628, 674 P.2d 145 (1983), the Washington Supreme Court made clear that the elements of the lesser offense must *invariably* be inherent in the greater.[1] To resolve the issue before us, we must thus determine whether all of the elements of communication with a minor for immoral purposes are necessary elements of attempted statutory rape in the first degree.

Former RCW 9.68A.090, applicable here, sets out the crime of communication with a minor for immoral purposes:

> (1) A person who *communicates* with a minor for *immoral purposes* is guilty of a gross misdemeanor, unless that person has previously been convicted under this section or of a felony sexual offense under chapter 9.68A, 9A.44, or 9A.64 RCW or of any other felony sexual offense in this or any other state, in which case the person is guilty of a class C felony punishable under chapter 9A.20 RCW.
>
> (2) As used in this section, "minor" means a person under eighteen years of age.

(Italics ours.)[2]

Former RCW 9A.44.070,[3] under which Falco was charged, sets out the elements of first degree statutory rape:

---

[1] *State v. Gatalski,* 40 Wn. App. 601, 612–13, 699 P.2d 804 (1985), which held to the contrary, does not cite *Johnson.*

[2] The Legislature revised this statute in 1989. The new version excludes subsection (2).

[3] The Legislature repealed this statute in 1988 and replaced it with RCW 9A.44.073, which changes certain age elements of the crime.

(1) A person over thirteen years of age is guilty of statutory rape in the first degree when the person engages in sexual intercourse with another person who is less than eleven years old.

Attempt is defined as follows:

(1) A person is guilty of an attempt to commit crime if, with *intent* to commit a specific crime, he does any act which is a *substantial step* toward the *commission of that crime.*

(Italics ours.) RCW 9A.28.020.

■ Before this court can decide whether communication with a minor for an immoral purpose is a lesser included offense of attempted statutory rape, we must look at prior judicial interpretation of "communication" and "immoral purposes" as used in RCW 9.68A.090. In *State v. Schimmelpfennig,* the Supreme Court determined that former RCW 9A.88.020, an earlier version of RCW 9.68A.090, proscribed "any *spoken word* or *course of conduct* with a minor for purposes of sexual misconduct . . .." (Italics ours.) *State v. Schimmelpfennig,* 92 Wn.2d 95, 103–04, 594 P.2d 442 (1979). Thus, "communicate" includes conduct as well as words, and "immoral purpose" refers to sexual misconduct.

■ Under RCW 9A.28.020, in order to constitute an attempt, "a substantial step" must be taken toward the commission of the crime with the intent to commit that crime. Our Supreme Court has expressly adopted the Model Penal Code's approach in defining "substantial step." *Workman,* 90 Wn.2d at 451–52.

Section 5.01(2) of the Model Penal Code provides in pertinent part:

Conduct shall not be held to constitute a substantial step . . . unless it is strongly corroborative of the actor's criminal purpose. Without negativing the sufficiency of other conduct, the following, if strongly corroborative of the actor's criminal purpose, shall not be held insufficient as a matter of law:

(a) lying in wait, searching for or following the contemplated victim of the crime;

Model Penal Code § 5.01(2) (Proposed Official Draft 1962); *Workman,* 90 Wn.2d at 451 n.2.

Falco contends that communication with a minor for immoral purposes is not a lesser included offense of *attempted* statutory rape because not every attempted statutory rape will necessarily require communication, *i.e.,* engaging in words or conduct with a minor for immoral purposes. Yet, under the Model Penal Code definition of attempt, lying in wait for a child victim could, in some cases, strongly corroborate an actor's criminal purpose and thus constitute a substantial step toward committing rape. For example, the actor might lie in wait on the known route of a particular child after the actor has told another that he wants to have sexual intercourse with that child. This conduct, while not involving any form of communication with the intended victim, would suffice to support a conviction for attempted statutory rape. Thus, it is possible to attempt (*i.e.,* take a substantial step toward) sexual intercourse with a minor, without engaging in words or conduct with that minor for the purpose of sexual misconduct. Because the elements of the lesser offense are not invariably inherent in the greater, communication with a minor for immoral purposes is not a lesser included offense of statutory rape.

The trial court was without authority to amend the information against Falco unless it was to a lesser included offense. *Pelkey,* 109 Wn.2d at 487. Because communication with a minor for the purposes of immoral conduct is not a lesser included offense of attempted statutory rape, we reverse Falco's conviction.

WEBSTER and BAKER, JJ., concur.