[No. 27691-3-I.   Division One.   December 18, 1991.]

THE STATE OF WASHINGTON, *Respondent*, v. DUANE BALDWIN, *Petitioner.*

*Rita J. Griffith* of *Washington Appellate Defender Association,* for petitioner.

*Norm Maleng, Prosecuting Attorney,* and *Michele A. Hauptman, Deputy,* for respondent.

PER CURIAM. — Duane Baldwin was convicted in Southwest District Court of minor in possession. His conviction was affirmed by the King County Superior Court on RALJ appeal. He then sought discretionary review in this court. On May 21, 1991, Commissioner Hudgins granted discretionary review of one of the issues raised by Baldwin. The case has been referred for a decision on the merits. We reverse Baldwin's conviction.

## FACTS

Baldwin was charged by citation with a violation of "RCW 66.44.290 — minor purchasing or attempting to purchase alcohol".[1] Baldwin waived jury and was tried on January 8, 1990.

The State called two Liquor Control Board agents as witnesses. Agent William Schrader testified that on October 20, 1989, he observed Baldwin drive up to the 7-5-7 Mini-mart on Des Moines Way South in King County. Baldwin exited the vehicle with another passenger and entered the

---

[1]RCW 66.44.290 actually prohibits the purchase or attempted purchase of liquor. However, liquor is defined in RCW 66.04.010(15) as including alcohol, spirits, wine and beer.

store. Both individuals appeared to be under the age of 21. Two other young men remained in the vehicle.

Baldwin and his companion went to the back of the store and stood near the beer cooler. They each removed a half case of beer from the cooler and then returned to the cashier's counter — each holding a half case of Buckhorn beer. Both appeared to pay separately. They then exited the store carrying the half cases that were purchased. They reentered Baldwin's vehicle and Baldwin drove away.

Agent Schrader then notified Agent Susan Blaker by radio of what he observed. Agent Blaker was in a marked King County Police car. Agent Blaker stopped Baldwin's vehicle. She observed two half cases of Buckhorn beer in the vehicle. Agent Blaker asked Baldwin for his license. The license confirmed that Baldwin was 19 years old. Baldwin also orally admitted that he was only 19. Agent Schrader then arrived at the scene and verified that Baldwin was the person that he had observed buying beer.

Baldwin testified in his own defense. He stated that he did not purchase any beer. He claimed that he drove to the minimart so that his companion could buy some beer. Baldwin said that he carried the half case of beer to the register to assist his companion. The companion paid for both half cases. Baldwin only bought a pack of cigarettes. Baldwin then carried the half case of beer to his car for his companion.

After hearing all the evidence, the trial judge stated, "I would be willing to reduce or amend this to minor in possession". The prosecutor responded, "Your honor we'd be willing to reduce the charge to minor in possession if that would . . .". The court interjected, "It's not a reduction. It's actually an amendment. So you're moving to amend to minor in possession?" The prosecutor then stated, "Your honor we would do so at that [sic] time." The court granted the motion to amend and found Baldwin guilty of minor in possession.

Baldwin filed a RALJ appeal asserting that the court erred in granting the motion to amend. Baldwin argued that

pursuant to *State v. Pelkey,* 109 Wn.2d 484, 745 P.2d 854 (1987), the State is only permitted to amend a charge after resting if the amendment charges a lesser degree of the same offense or if the new charge is a lesser included offense. The Superior Court affirmed Baldwin's conviction on the ground that minor in possession is a lesser included offense of minor purchasing or attempting to purchase alcohol.

### ISSUE

Is minor in possession a lesser included offense of minor purchasing or attempting to purchase liquor?

### DECISION

■ As correctly noted by petitioner, *State v. Pelkey, supra,* stands for the proposition that the State may not amend an information after presenting its case in chief unless the amendment charges a lesser degree of the same offense or charges a lesser included offense. The charge against Baldwin was amended at the conclusion of trial. Since minor in possession is not a lesser degree of minor purchasing or attempting to purchase liquor, the question presented is a narrow one: Is minor in possession a lesser included offense of minor purchasing or attempting to purchase liquor?

Baldwin argues that in order for minor in possession to be a lesser included offense of the crime originally charged, the State must show that the offense of minor in possession is invariably committed when a minor purchases or attempts to purchase liquor. Because a minor may attempt to purchase liquor without ever obtaining possession of the liquor, Baldwin contends that minor in possession cannot be considered a lesser included offense.

The State responds that in *State v. Gatalski,* 40 Wn. App. 601, 699 P.2d 804, *review denied,* 104 Wn.2d 1019 (1985) this court recognized that attempt crimes are unique and an inquiry into the facts of each case is necessary in order to determine whether a certain offense is a lesser included of the crime charged. The State maintains that under the facts of Baldwin's case, minor in possession was appropriately charged as a lesser included.

If this court were to apply the *Gatalski* test to the facts of Baldwin's case, minor in possession would be an appropriate lesser included offense. There is no dispute that Baldwin carried the beer to the cashier's counter and out to the car. However, neither party has cited a recent Supreme Court case that precludes application of the *Gatalski* analysis.

In *State v. Jackson*, 112 Wn.2d 867, 774 P.2d 1211 (1989) Destin Jackson was convicted of attempted burglary. On appeal, he contended that the trial court erred in refusing his proposed instruction on the crime of malicious mischief. The Supreme Court rejected this contention. Citing *State v. Workman*, 90 Wn.2d 443, 584 P.2d 382 (1978), the same case relied upon by this court in *Gatalski*, the Supreme Court stated:

> "Under the Washington rule, a defendant is entitled to an instruction on a lesser included offense if two conditions are met. First, each of the elements of the lesser offense must be a necessary element of the offense charged. Second, the evidence in the case must support an inference that the lesser crime was committed."

*State v. Jackson, supra* at 877 (quoting *State v. Workman, supra* at 447-48).

The court concluded that the first condition of the test was not met. The court reasoned:

> Malicious mischief is not a lesser included offense of attempted burglary because one does not invariably cause physical damage while attempting a burglary. One who enters a premises through an unlocked door without permission may be committing burglary, but he has not physically damaged property. The prosecution should have charged the defendant in the alternative; by not doing so the prosecution's choice was to seek a conviction of attempted burglary or nothing.

*Jackson*, at 878. The court did not examine the underlying facts of the crime despite the fact that Jackson was charged with an attempt crime.

■ Although *Jackson* fails to even acknowledge the existence of *Gatalski*, it appears to have overruled the reasoning of *Gatalski sub silentio*.[2] Accordingly, the State's reliance

---

[2] A panel of this court recently voiced disapproval of *State v. Gatalski, supra*, in *State v. Falco*, 59 Wn. App. 354, 796 P.2d 796 (1990) and applied the *Jackson* analysis without reference to the case.

on *State v. Gatalski, supra,* is erroneous. Pursuant to *State v. Jackson, supra,* in order for Baldwin's conviction to stand, the State must demonstrate that the elements of minor in possession are necessary elements of minor attempting to purchase alcohol. *Jackson,* at 877. Since a minor can attempt to purchase alcohol without obtaining possession of it, minor in possession is not a lesser included offense of the crime charged. Accordingly, the court erred in amending the charge at the conclusion of trial and Baldwin's conviction must be reversed.