72 F.3d 135
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jerzy GATALSKI, Petitioner,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70493.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 17, 1995.*
Decided Dec. 8, 1995.
 
 Before: WRIGHT, FERNANDEZ, and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jerzy Gatalski petitions for review of the Board of Immigration Appeals' (BIA) final order of deportation to Poland. We deny the petition.
 
 1. Ineffective Assistance of Counsel
 
 3
 Gatalski raises on appeal, for the first time, a claim of ineffective assistance of counsel. An alien must exhaust administrative remedies before seeking judicial review. Failure to do so deprives this court of jurisdiction to hear the matter. Rashtabadi v. INS, 23 F.3d 1562, 1567 (9th Cir.1994). The proper procedure is to file a motion to reopen with the BIA and present the board with the opportunity to pass upon the claim. See id.[1]
 
 
 4
 2. Commission of a Particularly Serious Crime
 
 
 5
 Matter of Frentescu, 18 I. & N.Dec. 244, 247 (BIA 1982), declared that some crimes are particularly serious on their face; most crimes, however, must be analyzed on a case-by-case basis. Relevant factors are: (1) the nature of the conviction; (2) the circumstances and underlying facts of the conviction; (3) the type of sentence imposed; and, "most importantly," (4) whether the type and circumstances of the crime indicate that the alien is a danger to the community. Id. Crimes against persons are more likely than property crimes to be found particularly serious. Id.
 
 
 6
 The BIA correctly determined that the crime of attempted rape is both "inherently" a particularly serious crime and that the facts of Gatalski's crime justified a determination of particular seriousness. In addition, Gatalski's commission of another violent crime against a second woman illustrates that he is a danger to the community. Moreover, contrary to Gatalski's claim, once the BIA determined that he had committed a particularly serious crime it did not have to make a separate determination that he was a danger to the community. See Komarenko v. Immigration and Naturalization Serv., 35 F.3d 432, 436 (9th Cir.1994); cf. Urbina-Mauricio v. INS, 989 F.2d 1085, 1087 (9th Cir.1993).[2]
 
 3. Asylum--Fear of Persecution
 
 7
 The BIA may take administrative notice of the democratization of Poland. Acewicz v. United States Immigration and Naturalization Serv., 984 F.2d 1056, 1060 (9th Cir.1993). Assuming that the INS's 1982 grant of asylum to Gatalski gave rise to a rebuttable presumption of a reasonable fear of future persecution, that presumption was rebutted by the changed conditions in Poland. Gatalski's speculation that he faced future persecution did not suffice to establish that his fear was well-founded. In fact, his testimony focused on the anticipated economic hardships he faced if deported to Poland and on an isolated visit from "government officials" to his mother's residence inquiring about his whereabouts. Economic hardship does not establish political persecution. Raass v. Immigration and Naturalization Serv., 692 F.2d 596, 596 (9th Cir.1982).
 
 
 8
 Similarly, Gatalski's past persecution in Poland was not so "atrocious" that the BIA abused its discretion when it denied him asylum for humanitarian reasons. See Acewicz, 984 F.2d at 1062. Gatalski established that he endured beatings resulting in hospitalization, other physical abuse, threats of prosecution, politically motivated confinement, and forced membership in the Communist party. While this establishes that Gatalski suffered from political persecution before fleeing Poland, it does not rise to the level of atrociousness found to suffice in Matter of Chen, Int.Dec. 3104 (BIA 1989). See Acewicz, 984 F.2d at 1062.
 
 
 9
 In any event, the BIA indicated that it would not exercise its discretion to grant Gatalski asylum because his atrocious crimes outweighed any equities. In that it did not err. Moreover, the regulation governing discretionary denial of applications for asylum mandates denial if "[t]he alien, having been convicted by a final judgment of a particularly serious crime in the United States, constitutes a danger to the community." 8 C.F.R. Sec. 208.14(d)(1); Komarenko, 35 F.3d at 436. Since the BIA correctly held Gatalski committed a particularly serious crime which made him a danger to the community, denial of asylum was mandatory.
 
 
 10
 Petition DENIED.
 
 KLEINFELD, Circuit Judge, concurring:
 
 11
 I would not reach the question of whether the particular attempted rape and unlawful imprisonment of which Gatalski was convicted amounted to "particularly serious crime [which] constitutes a danger to the community." 8 U.S.C. Sec. 1253(h). Though these crimes are, as a category, plainly serious and dangerous, Gatalski raises a serious issue regarding whether Beltran-Zavala v. INS, 912 F.2d 1027 (9th Cir.1990), would require a remand on the ground that the BIA "leapt directly from the fact of conviction to the determination." Id. at 1032. We need not determine whether the BIA erred under Frentescu and Beltran-Zavala, requiring particularized as opposed to categorical analysis of the crimes, because Gatalski did not establish a well founded fear of persecution, or otherwise establish that he should have been granted asylum or relief from deportation.
 
 
 12
 The BIA was persuaded by the INS evidence that "little likelihood of present persecution exists because of changed circumstances in Poland." It said that Gatalski's past persecution, though serious, did not rise to the level warranting asylum for humanitarian reasons, as in Matter of Chen, Int.Dec. 3104 (BIA 1989), and it could not ignore his criminal behavior in exercising its discretion. That was a permissible exercise of discretion, based on substantial evidence, regardless of whether the BIA was correct in characterizing Gatalski's crime as "particularly serious and a danger to the community." See Acewicz v. INS, 984 F.2d 1056, 1061 (9th Cir.1993). Though he was seriously persecuted by the Communist regime, the change of regimes has vitiated the well-foundedness of any fear of future persecution on account of Gatalski's political opinions.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We note, however, that Gatalski's assertion that his conviction for false imprisonment was set aside is otiose. State v. Harris, 849 P.2d 1216, 1220-21 (Wash.1993) did no such thing. At any rate, that did not affect the attempted rape conviction upon which the BIA put its greatest reliance. It is doubtful that Gatalski can show prejudice. See Mohsseni Behbahani v. INS, 796 F.2d 249, 251 (9th Cir.1986)
 
 
 [2]
 This determination made Gatalski ineligible for withholding of deportation. See 8 U.S.C. Sec. 1253(h)(2)(B)