[No. 17862-1-II.   Division Two.   March 1, 1996.]

THE STATE OF WASHINGTON, *Respondent*, v. LESLIE W. BERLIN, *Appellant*.

*Thomas A. Copland* and *Copland & Micheau,* for appellant.

*H. Steward Menefee, Prosecuting Attorney,* and *Gerald R. Fuller, Deputy,* for respondent.

WIGGINS, J.* — Defendant Leslie Berlin killed his friend Robert Kuehny by shooting him in the abdomen with a shotgun. The State charged Berlin with second degree murder by the alternative means of intentional murder and felony murder committed in the course of second degree assault. The jury found Berlin not guilty of second degree murder, but guilty of manslaughter in the first degree. We reluctantly conclude that recent Supreme Court decisions compel us to hold that manslaughter is

---

*Judge Charles K. Wiggins was a member of the Court of Appeals, Division Two, at the time oral argument was heard on this matter. He is now serving as a judge pro tempore of the court pursuant to CAR 21(c).

not a lesser included offense of second degree murder. We reverse Berlin's conviction.

## FACTS

On the night of August 14, 1993, Berlin and Kuehny drank heavily and argued heatedly. Berlin shot Kuehny in the abdomen from a distance of six inches, killing him. Berlin told Kuehny's girlfriend that he shot Kuehny because "he deserved it; that nobody treats [me] that way." Berlin testified at trial that the gun went off after Kuehny tried to pull it away from him, and that he did not intend to shoot Kuehny.

Berlin was charged with second degree murder committed in violation of RCW 9A.32.050(1)(a), intentional murder, and RCW 9A.32.050(1)(b), felony murder, in the course of the crime of second degree assault. Before trial, Berlin moved to compel the State to elect between the two theories:

> Based upon the Washington State Supreme Court's holding in *State v. Davis*, 121 Wn.2d 1[, 846 P.2d 527] (1993), it is the defendant's position that second [degree] murder and second degree felony murder are now two separate and distinct crimes rather than "alternative means" and the defendant respectfully requests that the court enter an order requiring the state to elect which charge they are going to proceed on at trial herein.

The trial court denied the motion, but pointed out that the issue of lesser included instructions would be decided at trial based on the evidence presented.

Berlin renewed his motion for election in his trial brief and argued against any lesser included instruction for the crime of felony murder. The trial court instructed the jury that "[t]he crime of Murder in the Second Degree necessarily includes the lesser crimes of Manslaughter in the First Degree and Manslaughter in the Second Degree." The court instructed the jury on the elements of manslaughter. Berlin excepted to the instructions on the lesser

included offenses. The jury found Berlin not guilty of second degree murder, but guilty of first degree manslaughter.

## ANALYSIS

### Alternative Means

██ ██ We reject Berlin's argument that intentional second degree murder and felony second degree murder are separate and distinct crimes instead of alternative means of committing one crime. RCW 9A.32.050 defines second degree murder:

> (1) A person is guilty of murder in the second degree when:
>
> (a) With intent to cause the death of another person but without premeditation, he causes the death of such person or of a third person; or
>
> (b) He commits or attempts to commit any felony other than those enumerated in RCW 9A.32.030(1)(c), and, in the course of and in furtherance of such crime or in immediate flight therefrom, he, or another participant, causes the death of a person other than one of the participants . . . .

The Supreme Court has outlined the factors for courts to consider in ascertaining whether the Legislature intended to define a single crime that may be committed by different means or whether it intended to define two crimes:

> [T]here may be many factors that will aid the court, such as [1] the title of the act; [2] whether there is a readily perceivable connection between the various acts set forth; [3] whether the acts are consistent with and not repugnant to each other; [4] and whether the acts may inhere in the same transaction.[1]

The Court of Appeals applied these factors to second

---

[1]*State v. Arndt*, 87 Wn.2d 374, 379, 553 P.2d 1328 (1976) (quoting *State v. Kosanke*, 23 Wn.2d 211, 213, 160 P.2d 541 (1945)).

degree murder in *State v. Russell*[2] to find that the Legislature intended to specify alternative means of committing a single crime:

> The Legislature placed both RCW 9A.32.050(1)(a) and (b) under the title "Murder in the Second Degree." Laws of 1975, 1st Ex. Sess., ch. 260, § 9A.32.050, p. 834. The readily perceivable connection between the acts set forth is a common object: causing the death of another person. The methods of committing second degree murder are not repugnant to each other; proof of an offense under one subsection does not disprove an offense under the other subsection. Therefore, it is immaterial that RCW 9A.32.050(1)(a) and (b) contain different elements. The prohibited acts may inhere in the same transaction, although they are not so nearly indistinguishable as the acts considered in *State v. Arndt.*

In Berlin's case, the acts relating to the charges of felony murder and intentional murder were very closely related.

Berlin argues that this analysis has been superseded by the decision of our Supreme Court in *State v. Davis.*[3] In *Davis*, the Supreme Court held that manslaughter is not a lesser included offense of second degree felony murder because the numerous alternative means of committing *second degree felony murder* render that offense "unamenable to a lesser included offense instruction."[4] This is problematic because in other cases the court has held that manslaughter is a lesser included offense of *intentional murder.*[5] Berlin argues that intentional murder, which includes the lesser offense of manslaughter, must be a different crime from second degree felony murder, which does not include any lesser offense.

Instead of supporting Berlin's argument, *Davis* contra-

---

[2]33 Wn. App. 579, 586, 657 P.2d 338 (1983), *rev'd in part on other grounds*, 101 Wn.2d 349, 352 (1984).

[3]121 Wn.2d 1, 846 P.2d 527 (1993).

[4]121 Wn.2d at 7.

[5]*E.g., State v. Jones*, 95 Wn.2d 616, 620-621, 628 P.2d 472 (1981). *Cf. Davis*, 121 Wn.2d at 5 n.2 (dicta).

dicts it. The *Davis* court relied on the earlier decision in *State v. Curran,*[6] in which the Supreme Court held that reckless driving was not a lesser included offense of vehicular homicide because it was not included within each of the alternative means of committing vehicular homicide:

> In *Curran*, the defendant requested an instruction on reckless driving as a lesser included offense of vehicular homicide. This court stated the following:
>
>> Curran would be entitled to a jury instruction under existing Washington law on reckless driving *only if the crime of vehicular homicide could not be committed without also committing the crime of reckless driving.*
>
> (Italics ours.) *Curran*, at 183. We held that reckless driving was not a lesser included offense because an alternate means for committing the crime existed—*i.e.*, driving with disregard for the safety of others.[7]

In other words, the *Davis* court reasoned that a lesser included offense instruction was not available if the lesser offense was not included within each alternative means of committing the crime, even those means not charged. *Davis* impliedly assumes that a lesser offense is not necessarily a lesser included offense of each alternative means of committing a crime. Thus, *Davis* contradicts Berlin's argument that alternative means of committing a crime must have the same lesser included offenses.

The trial court properly denied Berlin's motion to require the State to elect between intentional second degree murder and felony second degree murder.

### Lesser Included Offense Instruction

■ Berlin argues, again based on *Davis*, that the trial court erred in instructing the jury on the lesser included offense of manslaughter, because manslaughter is not

---

[6]116 Wn.2d 174, 804 P.2d 558 (1991).

[7]*Davis*, 121 Wn.2d at 5 (quoting *Curran*, 116 Wn.2d at 183).

included within second degree felony murder. We reluctantly agree with Berlin and, accordingly, we are compelled to reverse his conviction. This is an unfortunate—and doubtless an unintended—consequence of *Curran* and *Davis*. But as an intermediate appellate court, we are bound to follow these most recent decisions of our Supreme Court on the subject.[8]

■■ The Legislature created the right to instructions on a lesser included offense when it enacted RCW 10.61.006:

> In all other cases the defendant may be found guilty of an offense the commission of which is necessarily included within that with which he is charged in the indictment or information.

In *State v. Workman*, the Court announced an oft-cited, two-prong test for determining whether to instruct on a lesser-included offense:

> First, each of the elements of the lesser offense must be a necessary element of the offense charged. Second, the evidence in the case must support an inference that the lesser crime was committed.[9]

Applying the first, or "legal," prong of the *Workman* test, first degree and second degree manslaughter are lesser offenses of the crime of intentional murder. Under this test, we examine the elements to determine whether by committing the greater crime, the defendant also commits the lesser crime. Under RCW 9A.32.050(a), intentional murder is defined as intentionally causing the death of another. Under RCW 9A.32.060(1), first degree manslaughter is defined as recklessly causing the death of another.[10]

---

[8]*State v. Gore*, 101 Wn.2d 481, 487, 681 P.2d 227 (1984).

[9]90 Wn.2d 443, 447-48, 584 P.2d 382 (1978) (citations omitted).

[10]RCW 9A.32.060 (1):
"A person is guilty of manslaughter in the first degree when:
"(a) He recklessly causes the death of another person; or

Second degree manslaughter is causing the death of another with criminal negligence.[11] RCW 9A.08.010 ranks mental states so that the higher mental state includes lower mental states, therefore intent necessarily includes recklessness and criminal negligence.[12] Thus, the elements of manslaughter in the first and second degree are necessary elements of second degree intentional murder.

Applying the factual prong of the *Workman* test to the facts of this case reveals that evidence supports a conviction of manslaughter. In this case there was considerable testimony that Berlin was intoxicated at the time he killed Kuehny, which calls into doubt his ability to form an intent to kill. Under an established line of cases, first and second degree manslaughter are lesser included offenses of intentional murder if the evidence presents an issue regarding intoxication and the defendant's ability to form the necessary intent to kill.[13] Thus, under *Workman*, a manslaughter instruction was appropriate with respect to intentional murder.

*Curran* and *Davis* changed the *Workman* analysis by holding that an offense is not a lesser included offense unless it is included within each alternative means of committing the greater crime, as discussed above. Applying *Curran* and *Davis* here, manslaughter is not a lesser included offense of second degree felony murder, and therefore is not a lesser included offense of second degree murder.

*Curran* and *Davis* can be distinguished factually from this case. In both cases, the defendant asked for an instruction on a lesser included offense of an alternative means which was not charged against the defendant. Although it

---

"(b) He intentionally and unlawfully kills an unborn quick child by inflicting any injury upon the mother of such child."

[11] RCW 9A.32.070 (1): "A person is guilty of manslaughter in the second degree when, with criminal negligence, he causes the death of another person."

[12]*See State v. Bowerman*, 115 Wn.2d 794, 806-807, 802 P.2d 116 (1990); *State v. Collins*, 30 Wn. App. 1, 15, 632 P.2d 68, *review denied*, 96 Wn.2d 1020 (1981).

[13]*Collins*, 30 Wn. App. at 12-15 (citing *Jones*, 95 Wn.2d at 621).

is not clear from the decision in Curran, the parties' briefs indicate that the defendant was charged with two of the three alternatives of committing vehicular homicide—(1) driving while under the influence of intoxicating liquor, and (2) driving with disregard for the safety of others. Curran was not charged with the third alternative, reckless driving. Curran was not entitled to the reckless driving instruction because it was not a necessary element of either of the charged alternative methods in his case.[14] Similarly, in Davis, the defendant was charged with felony murder, not intentional murder. Davis was not entitled to the manslaughter instruction because it was not a lesser included offense of felony murder.[15]

By contrast, here the State charged Berlin with both alternative means of committing second degree murder, and manslaughter is a lesser included offense of the alternative of intentional murder. But we cannot distinguish Davis on this basis because its broad language does not depend on the nature of the charge against the defendant, but on the statutory definition of the crime:

> Under this felony murder statute, the commission of any felony supports a felony murder conviction. Thus, there are numerous alternative ways of committing this offense apart from assault. Given the wide breadth of alternatives, there are no lesser included offenses to second degree felony murder.[16]

Another division of this court also has interpreted Curran and Davis broadly:

> [R]ead literally, [they] stand for the proposition that if alternate means of committing a crime exist and the lesser offense does not have to be committed to commit the crime by all of those alternative means, regardless of which among

---

[14]Curran, 116 Wn.2d at 176, 182-83.

[15]Davis, 121 Wn.2d at 2, 7.

[16]Davis, 121 Wn.2d at 6.

several means may actually have been charged, then there cannot be a lesser included offense.[17]

The Supreme Court has also emphasized in other cases that the legal prong of the *Workman* test focuses not on a factual or contextual inquiry, but on the statutory elements of the crime.[18] Thus, we cannot distinguish *Davis* on its facts.

The State should be entitled to an instruction on lesser included offenses in a case such as this. The State charged Berlin with second degree murder on the facts as they appeared at the time but should have been allowed to ask the jury to convict of manslaughter if the jury declined to find Berlin guilty of murder. There is no reason to limit the State to the offense charged at the commencement of the prosecution and deny the possibility of convicting on a lesser offense. Similarly, a defendant should be entitled to a lesser included offense instruction if the lesser offense is included in any alternative means of committing the crime with which the defendant is charged.

For these reasons, the Supreme Court should clarify and limit *Davis*. But there are additional reasons to limit *Davis*.

First, the *Davis* statement severely restricts the utility of RCW 10.61.006, which is one of our oldest criminal statutes, virtually unchanged since the first criminal code ever adopted in Washington Territory.[19] RCW 10.61.006 is a logical and fair rule, for all the reasons discussed above. But the statute is severely limited under the *Davis* formulation because the Legislature has added alternative

---

[17]*State v. Ferguson*, 76 Wn. App. 560, 570, 886 P.2d 1164 (1995). *See also State v. Roche*, 75 Wn. App. 500, 509-11, 878 P.2d 497 (1994); *State v. Hurchalla*, 75 Wn. App. 417, 422, 877 P.2d 1293 (1994), *review granted*, 125 Wn.2d 1020 (1995).

[18]*State v. Aumick*, 126 Wn.2d 422, 428, 894 P.2d 1325 (1995) (holding that the Court of Appeals erred in finding that fourth degree assault is a lesser included offense of attempted first degree rape because the court did not "focus on the legal definition of the crime"); *State v. Harris*, 121 Wn.2d 317, 322-26, 849 P.2d 1216 (1993).

[19]Laws of 1854, § 123, at 120.

means of committing almost every offense and a lesser offense will seldom satisfy every alternative means of committing the greater. It will usually be true that the greater offense could be committed without committing the lesser offense.

Second, although *Davis* purports to apply *Workman*, it is actually inconsistent with the result in *Workman*. Workman was convicted of attempted first degree robbery while armed with a deadly weapon. The *Workman* court found that the trial court had erred in failing to instruct the jury on the included offense of carrying a weapon.[20] In doing so, it looked to "[t]he elements of the crime *in the context of this case*"[21] and decided that carrying a weapon "is a necessary element of the greater crime of first-degree robbery."[22] However, the use of a deadly weapon in the commission of a robbery is just one of several ways to commit first degree robbery, not all of which require the defendant to use or possess a deadly weapon.[23] Under the *Davis* interpretation, *Workman* was incorrectly decided because the lesser offense was not included in every alternative way of committing the charged offense.

Third, a broad holding was unnecessary either in *Davis* or in its predecessor, *Curran*. As discussed above, the defendant in *Curran* was charged with two of the three ways of committing vehicular homicide, but not the third alternative—reckless driving. The Supreme Court logically held that the crime of reckless driving was not included in the crime charged against Curran, because reckless driving is not a lesser included offense of driving with disregard for the safety of others.[24] *Curran* cites *State*

---

[20]*Workman*, 90 Wn.2d at 447.

[21]*Workman*, 90 Wn.2d at 447 (italics ours).

[22]*Workman*, 90 Wn.2d at 448.

[23]9A.56.200.

[24]*Curran*, 116 Wn.2d at 183.

*v. Eike*,[25] which held that driving with disregard for the safety of others is a form of culpability "falling short of recklessness."[26] It would make no sense to say that an offense requiring greater culpability—recklessness—could be considered a "lesser," or an "included" offense of an offense requiring less culpability—driving with disregard for the safety of others.

In *Davis*, the defendant was charged with felony murder for killing in the course of a second degree assault. The defendant asked for an instruction on manslaughter, arguing that manslaughter is a lesser included offense of felony murder.[27] The *Davis* court rejected his argument, giving at least three reasons. First, the court interpreted *Curran* to mean that "a lesser included offense instruction is not available whenever alternative means exist for committing the crime charged,"[28] and pointed out that felony murder can be committed by any number of alternative felonies.[29] This holding is inconsistent with the facts of *Workman* and extends *Curran* unnecessarily beyond its facts. Second, the court pointed out that no mental element is necessary to commit felony murder, while manslaughter requires recklessness or criminal negligence.[30] This holding is completely consistent with *Curran*, which also declined to find that a crime requiring a more culpable mental state is a lesser included offense. Third, even if defendant Davis had only committed third degree assault, that crime would supply the predicate offense for

---

[25]*Curran*, 116 Wn.2d at 183 (citing *State v. Eike*, 72 Wn.2d 760, 765, 435 P.2d 680 (1967)).

[26]*Eike*, 72 Wn.2d at 765-66.

[27]*Davis*, 121 Wn.2d at 4.

[28]*Davis*, 121 Wn.2d at 5.

[29]*Davis*, 121 Wn.2d at 6.

[30]*Davis*, 121 Wn.2d at 6-7.

felony murder, and defendant would still be guilty of the greater offense.[31]

The Supreme Court should harmonize *Workman, Curran,* and *Davis* under the second holding of *Davis,* that the defendants in *Curran* and *Davis* were not entitled to instructions on lesser included offenses because the "lesser" offenses would have required a "greater," or more culpable, mental state. Were this the law, we could affirm the trial court's jury instructions on the lesser included offense of manslaughter. But under *Curran* and *Davis,* we must reverse Berlin's conviction.[32]

HOUGHTON, A.C.J., and MORGAN, J., concur.

Review granted at 129 Wn.2d 1019 (1996).

---

[31]*Davis,* 121 Wn.2d at 7 n.5.

[32]*See State v. Irizarry,* 111 Wn.2d 591, 595-96, 763 P.2d 432 (1988). We note that Berlin may still be charged with the offense of manslaughter without violating constitutional double jeopardy prohibitions. *Irizarry,* 111 Wn.2d at 596.