**Leng M. HANG, Petitioner–Appellant,**

**v.**

**John LAMBERT, Respondent–Appellee.**

No. 02–35754.

D.C. No. CV–01–05103–FVS.

United States Court of Appeals,
Ninth Circuit.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

Submitted June 9, 2003.*

Decided June 18, 2003.

Before RYMER, THOMAS and SILVERMAN, Circuit Judges.

### MEMORANDUM**

Washington state prisoner Leng M. Hang appeals pro se the district court's denial of his 28 U.S.C. § 2254 habeas petition, which challenges his conviction and 57.5–year sentence for three counts of attempted first-degree murder. We have jurisdiction pursuant to 28 U.S.C. § 2253(a). Reviewing de novo, *Alvarado v. Hill*, 252 F.3d 1066, 1068 (9th Cir.2001), we affirm.

Hang contends that the jury's guilty verdict on the attempted murder counts is unconstitutionally inconsistent with the jury's special verdicts that he was not armed with a firearm. The Washington Court of Appeals rejected this claim on direct review, concluding that the verdicts can be reconciled because the jury could have found Hang guilty of attempted murder based on the other actions he took, even if he was not the shooter. *See Washington v. Harris*, 121 Wash.2d 317, 849 P.2d 1216, 1218 (1993) (explaining how broadly Washington defines the "substantial step" necessary for an attempt conviction). We cannot say that the Washington court's conclusion was contrary to or an unreasonable application of federal law as clearly established by the Supreme Court.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the

*Cf. United States v. Powell*, 469 U.S. 57, 68–69, 105 S.Ct. 471, 83 L.Ed.2d 461 (1984) (holding, without discussing inconsistency between general and special verdicts, that inconsistent general verdicts cannot be challenged through sufficiency of the evidence or collateral estoppel).

For the same reason, Hang's contention that the evidence was insufficient fails. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979) (stating that evidence is constitutionally sufficient so long as the reviewing court concludes, "after viewing the evidence in the light most favorable to the prosecution, [that] *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"). Thus, the district court properly denied Hang's petition.[1]

**AFFIRMED.**

1. All pending motions are denied, including Hang's renewed motion for a broader certification.