[No. 3260-2.   Division Two.   April 26, 1979.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERT E. KENNEY, *Appellant*.

*Niichel & Rutz* and *John R. Rutz,* for appellant (appointed counsel for appeal).

*Craig A. Ritchie, Prosecuting Attorney,* for respondent.

PETRIE, J.—Defendant, Robert E. Kenney, appeals from an order suspending imposition of sentence and granting him probation for a period of 3 years following a jury verdict which found him guilty of the crimes of third–degree escape and second–degree theft. We reverse the conviction of second–degree theft and remand for resentencing procedures consistent herewith.

By a second amended information, Kenney was charged with the crime of third–degree escape in violation of RCW 9A.76.130, a gross misdemeanor, and the crime designated in the information as "UNLAWFUL LARCENY OF FOREST PRODUCTS" in violation of RCW 79.01.748,[1] in that he

> did wilfully commit a trespass upon public lands of the State and cut down, destroy or injure timber or trees standing or growing thereon, or did take or remove or cause to be taken or removed therefrom any wood or timber lying thereon, or did maliciously injure or sever

---

[1]RCW 79.01.748 provides:

"Every person who wilfully commits any trespass upon any public lands of the state and cuts down, destroys or injures any timber, or any tree standing or growing thereon, or takes, or removes, or causes to be taken, or removed, therefrom any wood or timber lying thereon, or maliciously injures or severs anything attached thereto, or the produce thereof, or digs, quarries, mines, takes or removes therefrom any earth, soil, stone, mineral, clay, sand, gravel, or any valuable materials, shall be guilty of larceny."

anything attached thereto, or the produce thereof; which caused injury to the State in an amount exceeding $1,500 in value; in violation of RCW 79.01.748; maximum penalty 10 years;

In order to evaluate this appeal we must first scrutinize the statutory elements of the offense. The essential elements of the crime are (1) a trespass upon public lands and (2) either (a) a cutting down, or (b) a taking of any timber, or (c) a severing of anything attached to the public land, or (d) a digging or taking any soil or mineral from the public land. In the case at bench, the information charged in terms of elements (1) and (2)(a), (b), or (c) but added, also, the clause "which caused injury to the State in an amount exceeding $1,500 in value."

The prosecutorial intent appears to be, first, to utilize RCW 9A.56.100 which provides:

All offenses defined as *larcenies outside* of this title [Title 9A] shall be treated as *thefts as provided in* this title.

(Italics ours.)

Second, the prosecution appears to have turned to RCW 9A.56.030 which classifies "Theft in the first degree" as a class B felony and defines the crime as follows:

(1) A person is guilty of theft in the first degree if he commits theft of:

(a) Property or services which exceed(s) one thousand five hundred dollars in value . . .

Thus, when trial commenced, Mr. Kenney was really placed in jeopardy for the crime of "Theft in the first degree", the theft (larceny) having been committed as set forth statutorily in RCW 79.01.748.

At the conclusion of the State's case in chief, defendant moved to dismiss the "larceny" charge for failure of the State to prove all the elements of the crime. After evaluating the evidence, particularly the testimony of two law enforcement officers of the Department of Natural Resources who arrested Mr. Kenney on state–owned land,

the court dismissed the larceny count which charged a violation of RCW 79.01.748. Over the repeated objections of the prosecution, the court adhered to the order of dismissal and directed that the charge be amended to second–degree theft, a violation of RCW 9A.56.040(1)(a). More precisely, without any specific prosecutorial motion to amend the charge, and indeed over the repeated prosecutorial motion to reconsider the dismissal, the court announced:

I'm going to dismiss the charge, of what's it called, unlawful larceny of timber, but I think there is sufficient evidence of theft in the second degree.

And again, the court declared that the information is "deemed amended by evidence introduced without objection because [second–degree theft is] included."

Thus, *in response to the defense motion to dismiss,* the court dismissed the charge as filed by the prosecutor and directed the charge be amended to second–degree theft. The court's decision was based primarily on the testimony of a law enforcement officer that "It is not against the law to go on state land." From that testimony, the court concluded that Kenney could not have committed a *criminal trespass.* (The propriety of that reasoning is not before us, and we make no comment upon its validity.) Additionally, there was testimony which, arguably, supported a taking of public timber exceeding a value of $250, but there was no testimony to support a "taking" in excess of $1,500.

It is plain, therefore, that the trial court evaluated the State's evidence and determined that it was legally insufficient to sustain a conviction of the crime charged. Nevertheless, the court concluded that the evidence was sufficient to sustain a charge of a lesser included offense, *i.e.,* "Theft in the second degree" as defined in RCW 9A.56.040(1)(a). That statute classifies second–degree theft as a class C felony and defines the crime as follows:

(1) A person is guilty of theft in the second degree if he commits theft of:

(a) Property or services which exceed(s) two hundred and fifty dollars in value, but does not exceed one thousand five hundred dollars in value . . .

If the trial court had merely held that the prosecution had failed to prove the element of value ($1,500), but had proved a value ($250) sufficient to support submission to a jury of the crime of second–degree theft, and Mr. Kenney was later convicted of that "lesser included" crime, we would hold simply that he had been acquitted of the greater offense and convicted of the lesser offense. No double jeopardy problem would arise under that set of facts. *State v. Rhodes*, 18 Wn. App. 191, 567 P.2d 249 (1977).

■ However, when the court ruled that the State failed to prove the essential fact element of a "trespass upon public lands," Kenney was thereby acquitted of that manner of larceny specified by RCW 79.01.748. *United States v. Martin Linen Supply Co.*, 430 U.S. 564, 51 L. Ed. 2d 642, 97 S. Ct. 1349 (1977). At that point, the State no longer could rely upon the provisions of RCW 9A.56.100 which permit equation of a "larceny outside" Title 9A with a "theft as provided in" Title 9A. At that point, the test of whether second–degree theft as defined in RCW 9A.56.040 was a "lesser included" offense embraced within the crime charged in the information was dependent upon whether or not *all* the elements of the lesser offense are *necessary* elements of the greater offense. *State v. Roybal*, 82 Wn.2d 577, 512 P.2d 718 (1973).

■ In the statutory definition of "theft", RCW 9A.56.020,[2] an "intent to deprive" another of his property

---

[2]RCW 9A.56.020 provides:

"(1) 'Theft' means:

"(a) To wrongfully obtain or exert unauthorized control over the property or services of another or the value thereof, *with intent to deprive* him of such property or services; or

"(b) By color or aid of deception to obtain control over the property or services of another or the value thereof, *with intent to deprive* him of such property or services; or

"(c) To appropriate lost or misdelivered property or services of another, or the value thereof, *with intent to deprive* him of such property or services.

or services is an essential element necessary to support a conviction for *any* degree of theft defined in Title 9A. Under the crime as charged against Kenney and under the statutory definition of "larceny" on which the charge was based, this "intent to deprive" *was not a necessary element* which the State had the burden to prove in order to support a conviction. Accordingly, under the peculiar circumstances of the case at bench, the crime of which Mr. Kenney was convicted (second–degree theft) was not a lesser included offense of the crime with which he had been charged.

Having determined that Mr. Kenney was acquitted of the crime with which he was charged and that the crime of which he was convicted was not a lesser included offense of that crime, we must next consider the authority of the court, sua sponte, in effect to direct the filing of the amended charge. CrR 2.1(d) provides simply:

> The court may *permit* any information to be amended at any time before verdict or finding if substantial rights of the defendant are not prejudiced.

(Italics ours.)

■ This authority to "permit" an amendment would seem to assume that a specific motion to amend or a request to refile will be made by the prosecution. In the orderly administration of the criminal justice system, the prosecution decides what crimes shall be charged against a given defendant, and the court resolves issues which arise as a result of those prosecutorial decisions. *See United States v. Blanchard,* 495 F.2d 1329 (1st Cir. 1974).

Indeed, the prosecution in its brief and at oral argument seems to acknowledge that division of responsibility. In defense of the trial court's ruling, the prosecution seems content to argue that the prosecution subsequently ratified the court's "amended" charge and the defendant acquiesced

---

*(2) In any prosecution for theft, it shall be a sufficient defense that the property or service was appropriated openly and avowedly under a claim of title made in good faith, even though the claim be untenable." (Italics ours.)

therein by failing to object to the trial court's instructions to the jury which included an "elements" instruction consistent with the court's amended version of the information. Our understanding of the record is that the court's ruling was not a suggestion that the prosecution refile the charge; it was a direct ruling on a matter in which the court exceeded its authority. It was, therefore, a nullity. The defendant's conviction of second–degree theft must be set aside. This decision, however, does not in any manner detract from Mr. Kenney's conviction of third–degree escape. Accordingly, we remand for resentencing consistent herewith.

REED, A.C.J., and SOULE, J., concur.