[No. 30367-8-I.    Division One.    October 17, 1994.]

THE STATE OF WASHINGTON, *Respondent*, v. ROBERTO
MARTINEZ, *Appellant*.

*Elaine Winters* of *Washington Appellate Defender Association,* for appellant.

*Norm Maleng, Prosecuting Attorney,* and *John L. Belatti, Deputy,* for respondent.

KENNEDY, J. — Following a bench trial, Roberto Martinez appeals his conviction of first degree extortion.[1] The information charged that Martinez knowingly obtained a car belonging to E.L. by means of a threat to cause her bodily harm in the future.[2]

---

[1]Martinez was also convicted at the same trial of second degree rape and malicious mischief in the second degree. Prior to the bench trial he pleaded guilty to one count of second degree assault. All of these crimes were committed on October 5, 1991, against the same victim, E.L. The court acquitted Martinez of an additional count of second degree assault alleged to have been committed upon E.L. at an earlier date.

We deal only with the extortion conviction in the published portion of this opinion. Martinez raises additional contentions on appeal which we treat in the unpublished portion of this opinion.

[2]RCW 9A.56.110 provides: " 'Extortion' means knowingly to obtain or attempt to obtain by threat property or services of the owner, as defined in RCW 9A.56.010(8)[.]"

E.L. testified that during the course of a prolonged beating Martinez demanded that she sign her car over to him. Fearing that Martinez would kill her over the car, E.L. wrote out and signed a bill of sale stating that she had gifted the car to Martinez. Martinez had this bill of sale on his person at the time of his arrest.

Martinez denied that there was any extortion. He testified that several hours before the second degree assault to which he had pleaded guilty, E.L. insisted upon gifting her car to him as a sign of her love and affection.

During closing argument, Martinez argued that the State had failed to prove that Martinez had "obtained" E.L.'s car within the meaning of the extortion statute, as the bill of sale was inadequate to transfer title to the vehicle.

In the course of the oral ruling, the trial judge sua sponte amended the information to conform to the proof at trial that Martinez had "attempted to obtain" E.L.'s car by means of a threat to do her future bodily harm. In the alternative, the judge concluded that the bill of sale could serve as the property which was extorted and amended the information to conform with this theory as well. The judge then found Martinez guilty of first degree extortion.

Martinez appeals, contending *inter alia* that these sua sponte amendments (1) were untimely, coming as they did after both sides had rested and virtually simultaneous with the verdict, so that Martinez did not receive fair notice of the amended charges; and (2) violated the appearance of fairness doctrine.[3]

---

RCW 9A.56.010(8) provides: " 'Owner' means a person, other than the actor, who has possession of or any other interest in the property or services involved, and without whose consent the actor has no authority to exert control over the property or services[.]"

RCW 9A.56.120 provides: "(1) A person is guilty of extortion in the first degree if he commits extortion by means of a threat as defined in RCW 9A.04.110(25)(a)[.]"

RCW 9A.04.110(25)(a) provides: "'Threat' means to communicate, directly or indirectly the intent:

"(a) To cause bodily injury in the future to the person threatened[.]"

[3]At a subsequent hearing, the trial judge concluded that he had not actually amended the information and that what he had said on that subject during the oral

These contentions rest on a faulty premise concerning the nature of Washington's extortion statute. Finding the sua sponte amendments to be both permissible and superfluous, we affirm.

## DISCUSSION

The underlying premise of Martinez's arguments for this appeal is that the extortion statute sets forth alternative means of committing the offense, *i.e.*, the offender may "obtain" property by means of a threat or he may "attempt to obtain" property by means of a threat. *See* RCW 9A.56.110. Martinez points to *State v. Bray*, 52 Wn. App. 30, 34, 756 P.2d 1332 (1988):

> When a statute provides that a crime may be committed in alternative ways or by alternative means, the information may charge one or all of the alternatives, provided the alternatives are not repugnant to one another. When the information charges only one of the alternatives, however, it is error to instruct the jury that they may consider other ways or means by which the crime could have been committed, regardless of the range of evidence admitted at trial. The manner of committing a crime is an element and the defendant must be informed of this element in the information in order to prepare a proper defense. One cannot be tried for an uncharged offense. Thus, an instruction here in the language of the uncharged alternative means of committing forgery was error.[4]

(Citations omitted.)

---

ruling should be characterized as findings of fact. However, written finding of fact 8 states: "The information is deemed amended to conform to the proof presented at trial and provided in discovery." Supp. Clerk's Papers, at 176. Accordingly, we must treat the purported sua sponte amendments as actual sua sponte amendments. *See, e.g., Sweeten v. Kauzlarich*, 38 Wn. App. 163, 169, 684 P.2d 789 (1984) (oral opinion does not become final unless or until it is incorporated in written findings of fact and conclusions of law; oral decision can be used to explain but not to impeach written findings and conclusions).

[4]Martinez also points to former CrR 2.1(e) which provides: "The court may permit any information or bill of particulars to be amended at any time before verdict or finding if substantial rights of the defendant are not prejudiced." *See also State v. Kenney*, 23 Wn. App. 220, 226, 595 P.2d 52 (1979) (authority to "permit" amendments to the information as provided by CrR 2.1(d) does not give the trial court the power to amend the information sua sponte). *But see State v. Falco*, 59 Wn. App. 354, 356, 796 P.2d 796 (1990) (a court may amend the charges against a defendant sua sponte where the amended charge is a lesser included offense).

The flaw in Martinez's analysis is that the words "knowingly to obtain or attempt to obtain [property by means of a threat]" as used in RCW 9A.56.110 do not describe alternative means of committing extortion within the meaning of *Bray*, 52 Wn. App. at 34.[5]

In Washington and in some other jurisdictions having similar extortion statutes, what is "punish[ed is] the extorsive threat whether anything was obtained thereby or not". (Footnote omitted.) Rollin M. Perkins, *Criminal Law* ch. 4, *Extortion* § 10, at 373 (2d ed. 1969).[6] Put another way, Martinez completed the crime of first degree extortion as defined in Washington law when he communicated his threat to cause E.L. bodily injury in the future if she did not sign over her car. That E.L. wrote out the bill of sale in the hope of avoiding further bodily injury is an evidentiary fact that tends to substantiate the extorsive nature of the threat, but E.L.'s compliance or attempted compliance with Martinez's threatening demand was not an essential element of the crime. In sum, in Washington, the *victim's* conduct in response to the extorsive threat is not an element of this crime.

Thus, the *sole* means of committing extortion in Washington is knowingly to obtain or attempt to obtain property by means of extorsive threat and whether Martinez actually

---

[5]We can understand why Martinez believes otherwise. *See State v. Hansford*, 22 Wn. App. 725, 729, 591 P.2d 482 (1979) wherein Division Three of this court stated in dicta:

> Furthermore, the legislature in defining extortion included the language "obtain or attempt to obtain by threat." *Thus, in defining this particular offense, conduct resulting in obtaining or attempting to obtain property or services constitutes alternate means of committing the crime of extortion.*

(Italics ours.) We respectfully disagree with the italicized sentence, for reasons hereinafter explained.

[6]Compare the Model Penal Code wherein theft by extortion requires the purposeful *obtaining* of property by means of threat, Model Penal Code § 223.4, and extorsive threats are covered by the general section on criminal attempts, Model Penal Code § 5.01.

In Washington, first degree extortion, inclusive of extorsive threats, is a class B felony, *see* RCW 9A.56.120, whereas under our general criminal attempt statute, RCW 9A.28.020(3)(c), an attempt to commit a class B felony is a class C felony.

obtained E.L.'s car by making the extorsive threat or attempted (unsuccessfully) to obtain E.L.'s car by making that same extorsive threat is a distinction without a difference. To "obtain or attempt to obtain" is one and the same crime, committed by a single means: the making of the extorsive threat. *See State v. Garvin*, 28 Wn. App. 82, 85, 621 P.2d 215 (1980) ("[t]hese [extortion] statutes provide for a single offense of extortion, *i.e.*, by obtaining or attempting to obtain property or services by use of a threat"), *review denied*, 95 Wn.2d 1017 (1981).

Viewed in this light, the trial court's sua sponte amendments were surplusage.

We also note that Martinez's defense at trial was that there was no extorsive threat to E.L.; Martinez testified that E.L. pressed the bill of sale upon him to demonstrate her love and affection for him. Thus, the only prejudice to Martinez arising from the sua sponte amendments was the rejection of his mistaken assumption that it made a difference whether the bill of sale was adequate to transfer title to E.L.'s car. This is not the kind of "prejudice" that raises due process concerns.

■ With this background, we now address Martinez's specific contentions on appeal. CrR 2.1(e), which allows an information to be amended at any time before verdict or finding if substantial rights of the defendant are not prejudiced, must be read in the light of Const. art. 1, § 22 (amend. 10), which provides that "[i]n criminal prosecutions the accused shall have the right . . . to demand the nature and cause of the accusation against him". *See State v. Pelkey*, 109 Wn.2d 484, 489-91, 745 P.2d 854 (1987); *State v. Markle*, 118 Wn.2d 424, 436-37, 823 P.2d 1101 (1992). *Pelkey* and *Markle* disallow amendments to the information after the State rests its case unless the amendment is to a lesser degree of the same charge or a lesser included offense.[7] Other types of amendments are presumed to be prejudicial within the

---

[7]In terms of fair notice to the accused, RCW 10.61.006 provides that "the defendant may be found guilty of an offense the commission of which is necessarily included within that with which he is charged in the . . . information." RCW 10.61.010 provides that "[u]pon the trial of an . . . information, the defendant may be convicted . . . of an attempt to commit the crime so charged[.]" In neither of

meaning of CrR 2.1(e), even if the defendant fails to demonstrate specific prejudice.

■■ Here, the sua sponte amendments came after both sides had rested, and virtually simultaneous with the finding of guilt. Thus, we consider whether the sua sponte amendments violated article 1, section 22 of the Washington Constitution, even though they were surplusage. Given the nature of our extortion statute, we find no violation of Martinez's constitutional rights. Martinez was convicted of the same crime with which he was charged. He was found to have committed the crime by the sole statutory means of communicating an extorsive threat. See findings of fact 7, 8 and 9 and conclusion of law 4; Supp. Clerk's Papers, at 175-77.[8]

these situations is it necessary that the charging document actually be amended prior to verdict or finding. *See State v. Gallegos*, 65 Wn. App. 230, 234, 828 P.2d 37 (under RCW 10.61.010, jury may convict defendant of attempting to commit crime charged even where attempt not specifically charged), *review denied*, 119 Wn.2d 1024 (1992).

We deal here with an analogous situation. By the terms of the extortion statute itself, attempting to obtain property by extorsive threat is necessarily included within actually obtaining that same property by that same threat; it is one and the same offense.

[8]Finding of fact 7: "As to count IV, the court finds that the defendant obtained the property of another [E.L.] by threat. On the evening and morning of October 5 and 6, 1991, the defendant forced [E.L.] to write a note and make a purported gift to him of her automobile, a Nissan 300ZX. [E.L.] believed the defendant would kill her over the car, and she wrote and signed the note at his direct order after he told her to "Do it". Under the circumstance of the violent assaults that had occurred earlier and [E.L.]'s fear of the defendant, including the fear that he would kill her, a threat was clearly implied. This led to [E.L.] executing the purported transfer of title to her car."

Finding of fact 8: "The court finds that the defendant both obtained and attempted to obtain the property of [E.L.] by threat. The information is deemed amended to conform to the proof presented at trial and provided in the discovery."

Finding of fact 9: "The court further finds that even if the car itself were not extorted or attempted to be extorted, the property extorted would also be the note through which the car was purportedly conveyed."

Conclusion of law 4: "On or about October 5, 1991, the defendant knowingly obtained or attempted to obtain property, to-wit: a Nissan 300ZX and a note conveying such Nissan, of another (E.L.) by threat. Such threats directly and indirectly communicated an intent to cause bodily injury to [E.L.] and to cause physical damage to her property. Each and every element on count IV has been proved beyond a reasonable doubt. Accordingly, the defendant is guilty of extortion in the first degree, as charged in count IV."

■ We also reject Martinez's contention that by making the sua sponte amendments the trial judge violated the appearance of fairness doctrine. *See State v. Brenner*, 53 Wn. App. 367, 374, 768 P.2d 509 (the law requires not only an impartial judge but also a judge who appears to be impartial), *review denied*, 112 Wn.2d 1020 (1989). This doctrine requires the reviewing court to consider how the proceedings would appear to a reasonably disinterested person. *Brenner*, 53 Wn. App. at 374. We find nothing in the record which would cause a reasonably disinterested person to conclude that the trial judge was unfair. It is not unfair to reject a faulty legal premise. Although we consider the sua sponte amendments to be surplusage, they were constitutionally permissible. *Cf. State v. Falco*, 59 Wn. App. 354, 356, 796 P.2d 796 (1990). Moreover, this trial judge made several rulings against the State, including acquitting Martinez of one of the two second degree assault counts with which he was charged on the basis of reasonable doubt. See finding of fact 10; Supp. Clerk's Papers, at 176 (court found reasonable doubt as to whether Martinez assaulted E.L. with a deadly weapon 7 months earlier than the date of the charges for which Martinez was convicted at trial).

Finding Martinez's contentions on appeal to be without merit, we affirm.

A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record pursuant to RCW 2.06.040, it is so ordered.

WEBSTER and BECKER, JJ., concur.

Reconsideration denied November 23, 1994.

Review denied at 126 Wn.2d 1011 (1995).