[No. 45352-1-I.   Division One.   January 29, 2001.]

THE STATE OF WASHINGTON, *Respondent*, v. G.S., *Appellant*.

---

644

*Eric J. Nielsen* (of *Nielsen, Broman & Associates, P.L.L.C.*), for appellant.

*Norm Maleng, Prosecuting Attorney*, and *Michael J. Smith, Deputy*, for respondent.

Cox, J. — We must decide whether the subsection of the harassment statute stating that a threat "to cause bodily injury . . . to the person threatened or to any other person" establishes two alternative means of violating the statute.[1] Also at issue is whether there was sufficient evidence to support the adjudication of guilt.

We hold that RCW 9A.46.020(1)(a)(i) defines a single means, not two alternative means, of committing harassment. But the information in this case stated a charge for which insufficient evidence was adduced at the adjudication hearing. Accordingly, we reverse and dismiss.

In the spring of 1999, Tina Myrick, a school bus driver, picked up G.S. from the Westside Place School in Seattle. Myrick testified that G.S. appeared angry when he entered the bus, slamming the door before sitting down. Myrick asked him what was going on. He explained that another student was picking on him and had ripped his shirt. G.S. said that he wanted to get even by getting a gun and shooting the student. Myrick cautioned G.S. that his comments were inappropriate. In response, his demeanor improved and he changed the subject. Myrick did not report the conversation to anyone at that time because G.S. appeared happy by the time he got home.

When Myrick picked G.S. up from school the following day, he again appeared angry. He had been in a fight with another student. G.S. stated that he was tired of being picked on, was tired of the whole school, and he wanted to get a gun and "shoot the place up." Myrick was concerned

---

[1] RCW 9A.46.020 provides, in pertinent part, that

(1) A person is guilty of harassment if:

  (a) Without lawful authority, the person knowingly threatens:

    (i) To cause bodily injury immediately or in the future to the person threatened or to any other person[.]

for the safety of those at the school, and reported the threats to a school administrator.

The State filed an information in juvenile court charging G.S. with felony harassment. Following an adjudication hearing, the trial court found G.S. guilty of that charge.

G.S. appeals.

### Alternative Means of Committing Harassment

G.S. argues that he was tried and convicted for an uncharged statutory alternative means. We disagree.

The section of the statute at issue provides for only one means of committing harassment, not two. The State charged G.S. with violating the criminal harassment statute, RCW 9A.46.020. It provides, in pertinent part, as follows:

(1) A person is guilty of harassment if:

(a) Without lawful authority, the person knowingly threatens:

(i) *To cause bodily injury immediately or in the future to the person threatened or to any other person; or*

(ii) To cause physical damage to the property of a person other than the actor; or

(iii) To subject the person threatened or any other person to physical confinement or restraint; or

(iv) Maliciously to do any other act which is intended to substantially harm the person threatened or another with respect to his or her physical or mental health or safety; and

(b) The person by words or conduct places the person threatened in reasonable fear that the threat will be carried out.[2]

The information alleged that G.S. "knowingly and without lawful authority, did threaten to cause bodily injury immediately or in the future to Tina Myrick, by threatening to kill students of Westside Place Alternative School, and

---

[2] (Emphasis added.)

the words or conduct did place said person in reasonable fear that the threat would be carried out . . . ." At issue is whether this awkwardly worded charge omits a statutory alternative means of violating the statute.

G.S. argues that RCW 9A.46.020(1)(a)(i), provides for two alternative means of committing harassment. G.S. asserts that the first means is threatening bodily injury "to the person threatened." The second, he argues, is threatening bodily injury "to any other person." He maintains that the information charges him only with the former alternative, but that the State presented no evidence that G.S. threatened Myrick with bodily injury. Rather, the only evidence related to "any other person"—an uncharged statutory alternative.

■ ■ The State may not try a defendant for an uncharged offense.[3] The remedy for such a violation is reversal.[4] In considering a statute, we must "assume that the legislature means exactly what it says,"[5] and we will "give words their plain and ordinary meaning."[6] We will read each statute as a whole, to give effect to all language and to harmonize all provisions.[7]

The most natural reading of RCW 9A.46.020(1)(a) shows that the Legislature created four alternative means by which someone violates the criminal harassment statute. The statute sets forth four types of threatening behaviors that constitute harassment, each of which is in a subsection separated from the others by the disjunctive "or." Thus, a person may commit criminal harassment by threatening "bodily injury," "physical damage to property," "physical confinement or restraint," or "[m]aliciously to do any other

---

[3] *State v. Doogan*, 82 Wn. App. 185, 188, 917 P.2d 155 (1996) (trying defendant under uncharged statutory alternative violates defendant's right to notice of crime charged).

[4] *Doogan*, 82 Wn. App. at 188 (holding that it is reversible error to try defendant under uncharged statutory alternative).

[5] *Morgan v. Johnson*, 137 Wn.2d 887, 891-92, 976 P.2d 619 (1999).

[6] *State v. Keller*, 98 Wn. App. 381, 383-84, 990 P.2d 423 (1999).

[7] *City of Seattle v. Fontanilla*, 128 Wn.2d 492, 498, 909 P.2d 1294 (1996).

act which is intended to substantially harm the person threatened or another with respect to his or her physical or mental health or safety."[8]

■ At issue here is whether the first of these four alternative means, knowingly threatening "to cause bodily injury immediately or in the future to the person threatened *or* to any other person," is one means or two.[9] G.S. argues that threatening to cause bodily injury either "to the person threatened" or "to any other person" creates two means.

In support of his argument on this point, G.S. relies on our decision in *State v. Roche.*[10] In *Roche*, we concluded that the robbery statute creates two alternative means by which an individual may commit that offense. The portion of the robbery statute at issue in *Roche* provided as follows:

> A person commits robbery when he unlawfully takes personal property from the person of another or in his presence against his will by the use or threatened use of immediate force, violence, or fear of injury to that person or his property or the person or property of anyone.[11]

Interpreting the above language, we determined that an individual may commit robbery by the alternative means of taking property "from the person of another" or by taking property "in his presence."[12]

In response, the State argues that the mere presence of the disjunctive "or" between the terms "person threatened" and "any other person" does not necessarily create an alternative means of committing harassment. For support, the State cites *State v. Martinez.*[13] There, we held that Washington's extortion statute does not provide for two

---

[8] RCW 9A.46.020(1)(a)(i)-(iv).

[9] RCW 9A.46.020(1)(a)(i) (emphasis added).

[10] 75 Wn. App. 500, 510, 878 P.2d 497 (1994).

[11] RCW 9A.56.190.

[12] *Roche*, 75 Wn. App. at 511.

[13] 76 Wn. App. 1, 884 P.2d 3 (1994), *review denied*, 126 Wn.2d 1011 (1995).

alternative means by which to commit the offense. The statute provides, in pertinent part, that " '[e]xtortion' means knowingly to obtain *or* attempt to obtain by threat property or services of the owner . . . ."[14] Upon reading the statute, this court concluded that "[t]o 'obtain or attempt to obtain' is one and the same crime, committed by a single means: the making of the extorsive threat."[15]

Here, although the terms "person threatened" and "any other person" are separated by the disjunctive "or," that is not dispositive.[16] We held in *Roche* that taking property "from the person of another" or taking property "in his presence" were two alternative means. But the structure of the statute at issue in that case differs significantly from that of the harassment statute. RCW 9A.56.190 defines robbery in a single paragraph without the use of separately delineated subsections to set forth the means by which a person may commit that offense. Unlike the robbery statute, section (1)(a) of the harassment statute is clearly divided into four separate subsections. Each delineates a means by which one may commit harassment.

Had the Legislature intended the conduct described in subsection (i) to constitute two alternative means of committing harassment, it could have specifically set forth those alternatives in two separate subsections as it did in the remainder of section (1)(a). Because the Legislature chose not to do so, we conclude that it intended the threat to cause bodily injury to be one means, not two, of committing the offense. Subsection (i) describes harassment committed by the single means of a threat to cause bodily injury, either to the "person threatened" or to "any other person."

The State charged G.S. with one means. There is no uncharged alternative means.

---

[14] RCW 9A.56.110 (emphasis added).

[15] *Martinez*, 76 Wn. App. at 6.

[16] *See, e.g., Martinez*, 76 Wn. App. at 5-6.

## Sufficiency of the Evidence

G.S. next argues there was insufficient evidence to support his adjudication of guilt on the felony harassment charge for three reasons. First, he claims that the State presented no evidence that "the person threatened" reasonably feared that he would carry out his threat. Second, he claims that there was no evidence that he "threatened to cause bodily injury to Tina Myrick," as charged in the information. Third, he argues that there was insufficient evidence that he threatened to kill anyone; thus the State failed to prove the element that elevates the crime from a misdemeanor to a felony. We address the first two arguments, but need not reach the third.

▓▓ The test on review for a challenge to the sufficiency of the evidence in a criminal case is whether, after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found beyond a reasonable doubt that the prosecution established the essential elements of the crime charged.[17] We draw all reasonable inferences in favor of the State, and interpret those inferences most strongly against the defendant.[18] Because a challenge to the sufficiency of the evidence is a question of constitutional magnitude, a defendant may raise it for the first time on appeal.[19]

▓ The harassment statute, RCW 9A.46.020, provides in pertinent part that:

A person is guilty of harassment if:

(a) Without lawful authority, the person knowingly threatens:

(i) To cause bodily injury immediately or in the future to the person threatened or to any other person; . . .

. . .

. . . and

(b) The person by words or conduct places the person threatened in reasonable fear that the threat will be carried out.

---

[17] *State v. Green*, 94 Wn.2d 216, 220-21, 616 P.2d 628 (1980).

[18] *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992).

[19] *State v. Baeza*, 100 Wn.2d 487, 488, 670 P.2d 646 (1983); RAP 2.5(a)(3).

Who, then, is the "person threatened" in the above passage? G.S. argues that the term refers only to the intended victim of a threat. Here, that would be the persons at his school. On the other hand, the State takes the position that the "person threatened" in this case is the person to whom G.S. communicated his intent to harm the persons at the school. We agree with the State.

In determining the meaning of "person threatened," we must give effect to the plain language of the harassment statute.[20] We must also read this and related statutes as a whole to give effect to all language and to harmonize all provisions.[21] Turning to the first section of the statute, we observe that it provides that a person is guilty of harassment if he "knowingly threatens: (i) [t]o cause bodily injury *immediately or in the future to the person threatened or to any other person.*"[22] Thus, an element of felony harassment includes threatening bodily injury either to the person with whom the accused is communicating or to *any other person.* Subsection (1)(b) goes on to require that the accused place "the person threatened in reasonable fear that the threat will be carried out." Significantly, it does *not* say that the defendant must place "any other person" in reasonable fear that the threat will be carried out. Because (1)(b) contains no reference to "any other person," the subsection clearly requires that only "the person threatened" need reasonably fear that the threat will be carried out. Under such a plain reading, it is clear that the term "person threatened," as it appears in the harassment statute, refers to the one to whom the accused communicates the threat.

This reading is consistent with the statutory definition of "threat." RCW 9A.04.110(25) states, in pertinent part, that " '[t]hreat' means to communicate, directly or indirectly, the intent (a) [t]o cause bodily injury in the future to the person threatened *or to any other person*; . . . ." Harmonizing the

---

[20] *Allan v. Dep't of Labor & Indus.*, 66 Wn. App. 415, 418, 832 P.2d 489 (1992).

[21] *Fontanilla*, 128 Wn.2d at 498.

[22] RCW 9A.46.020(1)(a)(i) (emphasis added).

statutory definition of "threat" and sections (1)(a)(i) and (1)(b) of the harassment statute, it is clear that the term "person threatened" includes the person to whom the accused communicates the threat. There is no requirement that the "person threatened" also be a person to whom the accused intends to cause bodily injury.

■ Here, the trial court made the following unchallenged written findings of fact:

> IV. The Respondent told Ms. Myrick that a boy had been picking on [him], and that he wanted to get a gun and shoot him.
>
> . . . .
>
> VII. The Respondent told Ms. Myrick that he was tired of a girl picking on him. He also said that he was tired of the whole school and that he would "get a gun and shoot the whole place up."
>
> . . . .
>
> IX. Ms. Myrick took the threats very seriously and feared for the safety of the students and facu[lt]y at the school.

These findings comport with the requirements of the statute. Findings IV and VII establish that Myrick was the person to whom G.S. communicated his threat to do bodily injury to others. Finding IX establishes that Myrick, the "person threatened," took the threats seriously. The evidence was sufficient to comply with the disputed requirements set forth in (1)(a) and (1)(b) of the harassment statute.

■ In support of his assertion that the harassment statute requires the State to prove reasonable fear on the part of the intended victim of the threat, G.S. points to the legislative finding codified at RCW 9A.46.010. He relies specifically on that portion of the legislative finding that states that the chapter on harassment is aimed at preventing "a pattern of harassment designed to coerce, intimidate or humiliate the victim." Although we may consider the intent of the Legislature in enacting the harassment statute as expressed in its findings, we will not "consider the

Legislative finding under RCW 9A.46.010 an element of the offense under RCW 9A.46.020."[23]

G.S. also cites the recent case of *State v. J.M.*, in which this Court discussed the elements of criminal harassment.[24] That case is inapposite.

There, a middle school student, J.M., told two other students, S.B. and J.T., that he wanted to kill the school principal, an administrator, and a security person.[25] The following day, a teacher overheard S.B. discussing the defendant's threats and reported the conversation to a school counselor. The counselor then brought S.B. to the principal, and S.B. told the principal what J.M. had said the previous day.[26]

On appeal from his disposition for felony harassment, J.M. argued the State had failed to prove that he knew or intended that his threat be communicated to the principal. He contended the State failed to prove he knowingly placed the principal in reasonable fear that the threat would be carried out.[27] This court held "that the harassment statute does not require the State to prove that a perpetrator knew or intended that his or her indirect threat would be communicated to the person threatened."[28] Our court went on to state that:

> To violate the harassment statute, the perpetrator's threat must be knowingly communicated directly or indirectly; by some means the person threatened must find out about the threat; and words or conduct of the perpetrator must place the

---

[23] *State v. Alvarez*, 128 Wn.2d 1, 12, 904 P.2d 754 (1995) (concluding RCW 9A.46.020 sets forth the necessary elements of harassment and does not require a showing of "repeated invasions of a person's privacy" or a "pattern of harassment").

[24] *State v. J.M.*, 101 Wn. App. 716, 721-30, 6 P.3d 607 (2000).

[25] *J.M.*, 101 Wn. App. at 719-20.

[26] *J.M.*, 101 Wn. App. at 720.

[27] *J.M.*, 101 Wn. App. at 721.

[28] *J.M.*, 101 Wn. App. at 730.

person threatened in reasonable fear that the threat will be carried out.[29]

In so holding, the court stated that "[t]he threatened person *does* have to find out that the threat was made, one way or another, or else there can be no reasonable fear on the part of that person that the threat will be carried out."[30]

Implicit in this discussion is the assumption that the term "person threatened" refers to the person against whom the accused intends bodily injury, rather than to a third person to whom the threat is communicated. However, the issue faced by this court in *J.M.* was different from the issue we face in this case.

There, we addressed the question of whether Washington's harassment statute requires the State to prove that the defendant knew or intended that his threat would be communicated to the person he intended to injure.[31] Because the definition of the term "person threatened" was not directly at issue there, as it is here, the case does not affect our disposition here.

The foregoing analysis does not end our inquiry. We next consider G.S.'s second argument. Did the evidence adduced at the adjudication hearing support the crime charged in the information?

G.S. argues that the State charged him with threatening to cause bodily injury to Myrick, but failed to present any evidence whatsoever that he did so. We agree.

An element of the crime of harassment is to knowingly threaten "[t]o cause bodily injury immediately or in the future to the person threatened or to any other person."[32] We have already explained why the "person threatened" need not be the person against whom the accused threatens bodily injury. Thus, the information must state whether the accused threatened to cause bodily injury to "the person

[29] *J.M.*, 101 Wn. App. at 730.

[30] *J.M.*, 101 Wn. App. at 726.

[31] *J.M.*, 101 Wn. App. at 730.

[32] RCW 9A.46.020(a)(i).

threatened," or to "any other person" to provide proper notice to a defendant. Moreover, in a jury case, the trial court should similarly clarify this point when instructing the jury.

Here, the State filed an information that stated that G.S. "knowingly and without lawful authority, *did threaten to cause bodily injury immediately or in the future to Tina Myrick*, by threatening to kill students of Westside Place Alternative School . . . ."[33] The wording is awkward, but plainly charges G.S. with threatening to cause bodily injury to Tina Myrick. There was absolutely no evidence that G.S. threatened to cause bodily injury to Myrick. The State instead presented evidence that G.S. had threatened to cause bodily injury to persons at the Westside Place School, and had communicated that threat to Myrick.

The trial court entered written findings that G.S. "knowingly threatened to cause bodily injury to the students of Westside Place School, by threatening to kill the students." But that finding is inconsistent with the information that charged G.S. with threatening "to cause bodily injury immediately or in the future to Tina Myrick. . . ." Because there was no evidence adduced at the adjudication hearing to support the charge contained in the information, we reverse and dismiss.[34]

Finally, G.S. argues that the State presented insufficient evidence at trial to support the court's conclusion that he made a threat to kill. If so, the State thus failed to prove the element that elevates the crime of harassment from a misdemeanor to a felony under RCW 9A.46.020(2)(b). Because we reverse G.S.'s conviction on the ground that there was insufficient evidence to support the crime charged in the information, we need not reach this argument.

---

[33] (Emphasis added.)

[34] *State v. Hickman*, 135 Wn.2d 97, 103, 954 P.2d 900 (1998) (observing that dismissal is the proper remedy following a reversal for insufficient evidence).

## Summary

In sum, we hold that RCW 9A.46.020(1)(a)(i) does not establish two alternative means of committing harassment. It describes harassment committed by the single means of a threat to cause bodily injury, either to the "person threatened" or to "any other person."

We also hold that the State charged G.S. with threatening to injure Myrick, but presented no evidence that he did so. Consequently, there was insufficient evidence to support the crime charged.

We note that the information in this case was awkwardly worded in an apparent attempt to comply with the wording of the harassment statute. This error should serve as a warning to those dealing with this statute to be particularly careful in using the statute as a guide to preparing the information and drafting jury instructions.

We reverse and dismiss.

BECKER, A.C.J., and COLEMAN, J., concur.