[No. 22969-6-III.   Division Three.   June 9, 2005.]

THE STATE OF WASHINGTON, *Respondent*, v. GARY LYNN KIEHL, *Appellant*.

*Dennis W. Morgan*, for appellant.

*Andrew K. Miller, Prosecuting Attorney*, and *Terry J. Bloor, Deputy*, for respondent.

¶1 KURTZ, J. — Gary Kiehl was convicted of felony harassment as a result of statements he made to his mental health counselor indicating that he was going to kill Judge Craig J. Matheson. On appeal, Mr. Kiehl contends he was denied his constitutional rights because the information

failed to advise him of the charges against him and the to-convict instruction incorrectly identified the mental health counselor, not Judge Matheson, as the person threatened. Mr. Kiehl also maintains that the evidence is insufficient to support his conviction. We reverse Mr. Kiehl's conviction and remand for a judgment of dismissal because the evidence is insufficient to establish that Judge Matheson was placed in reasonable fear that the threat would be carried out.

## FACTS

¶2 Gary Kiehl was charged by information with felony harassment arising from statements he made to his mental health counselor, Cynthia Clark.

¶3 Ms. Clark saw Mr. Kiehl at least once a week as one of her duties as his mental health counselor. In July 2003, Ms. Clark arrived at Mr. Kiehl's home to drive him to an appointment at a counseling center. Apparently, Mr. Kiehl was unaware of this appointment until the two of them were in the car and Ms. Clark informed him of their destination.

¶4 Ms. Clark testified that Mr. Kiehl became upset when he learned of this appointment and Mr. Kiehl told her that "this was all Judge Matheson's fault" and that "he was going to kill him." Report of Proceedings (RP) (Mar. 9, 2004) at 18. According to Ms. Clark, Mr. Kiehl then moved out of the passenger seat, put his knee on the console, partially obstructed her vision, and tried to show her how he would kill Judge Matheson. Mr. Kiehl told her that: " 'This is how I'm going to kill Judge Matheson. I could do it just with the flick of a wrist.' " RP at 19. When Ms. Clark pushed Mr. Kiehl back into his seat, Mr. Kiehl stated: " 'You either let me out of the car now or I'm gonna take the steering wheel and make us wreck and you will die.' " RP at 20. Ms. Clark tried to calm him, but ultimately let him out of the car.

¶5 Defense counsel did not move to dismiss the case when the State rested. Mr. Kiehl testified that he had been

a passenger in the car, but he denied threatening to kill Judge Matheson. He also denied getting out of his seat and trying to demonstrate anything to Ms. Clark.

¶6 Judge Matheson did not testify at trial. Ms. Clark testified that she called Judge Matheson and reported the threat. But no evidence was presented from Judge Matheson establishing that he was aware of the threat and placed in reasonable fear that the threat would be carried out.

¶7 Mr. Kiehl was found guilty by a jury, which also returned a special verdict that the threat was a threat to kill. Mr. Kiehl appeals.

## ANALYSIS

¶8 *Adequacy of Jury Instruction.* Mr. Kiehl contends he was denied his constitutional rights because the information advised him that he was charged with felony harassment based on a threat to kill Judge Matheson while the to-convict instruction identified a different person. In our analysis, we address a related problem—the to-convict instruction misstates the elements needed to convict Mr. Kiehl of felony harassment as charged in the information filed here.

¶9 The adequacy of jury instructions is a question of law subject to de novo review. *See State v. Pirtle*, 127 Wn. 2d 628, 656, 904 P.2d 245 (1995). An instructional error is presumed to be prejudicial unless it affirmatively appears to be harmless. *State v. Wanrow*, 88 Wn.2d 221, 237, 559 P.2d 548 (1977) (quoting *State v. Golladay*, 78 Wn.2d 121, 139, 470 P.2d 191 (1970), *overruled by State v. Arndt*, 87 Wn.2d 374, 553 P.2d 1328 (1976)).

¶10 The information read as follows:

That the said GARY LYNN KIEHL in the County of Benton, State of Washington, on or about the 17th day of July, 2003, in violation of RCW 9A.46.020(1)(a)(i), (1)(b) and (2)(b), did, without lawful authority knowingly threaten to cause bodily injury immediately or in the future to *JUDGE CRAIG J.*

*MATHESON*, and the threat was to kill the person threatened or any other person, *and* by words or conduct that *places the person threatened in reasonable fear that the threat will be carried out*, contrary to the form of the Statute in such cases made and provided, and against the peace and dignity of the State of Washington.

Clerk's Papers (CP) at 141 (emphasis added).

¶11 The elements of RCW 9A.46.020 for a felony conviction are:

Without legal authority,

Knowingly threaten,

To cause bodily injury in the future, or immediately,

To the person threatened or any person,

By words or conduct place the person threatened in reasonable fear that the threat will be carried out,

The threat was to kill the person threatened or another person.

¶12 The to-convict instruction here read, in part, as follows:

To convict the defendant of the crime of harassment, each of the following elements of the crime must be proved beyond a reasonable doubt:

(1) That on or about July 17, 2003, the defendant knowingly threatened:

(a) to cause bodily injury immediately or in the future to *Judge Craig J. Matheson*; and

(2) That the words or conduct of the defendant *placed Cynthia Clark in reasonable fear that the threat would be carried out*.

CP at 39 (emphasis added).

¶13 Relying on *State v. G.S.*, 104 Wn. App. 643, 17 P.3d 1221 (2001), the State contends the to-convict instruction is proper. In *G.S.*, the court concluded that under the harassment statute, the "person threatened" is the person to whom the defendant communicates the threat. *Id.* at 652. Accordingly, *G.S.* held that the harassment statute does not

require that the "person threatened" must be the same person who the accused intends to harm. *Id.* at 652-53. Applying the holding in *G.S.*, the State contends that the to-convict instruction correctly states the law because Ms. Clark is the person to whom Mr. Kiehl communicated the threat and she is the person who the State must prove was placed in reasonable fear that the threat would be carried out.

¶14  But the State's argument is untenable in light of the Supreme Court's decision in *State v. J.M.*, 144 Wn.2d 472, 28 P.3d 720 (2001). In *J.M.*, the court considered whether the harassment statute required that the perpetrator know that the threat will be communicated to the person threatened. *Id.* at 482. The court concluded the harassment statute required that:

> [T]he perpetrator knowingly threaten to inflict bodily injury by communicating directly or indirectly the intent to inflict bodily injury; *the person threatened must find out about the threat* although the perpetrator need not know nor should know that the threat will be communicated to the victim; *and words or conduct of the perpetrator must place the person threatened in reasonable fear that the threat will be carried out.*

*Id.* (emphasis added). Significantly, the court also noted that *G.S.* incorrectly implied that the person threatened was equated with the person to whom the communication of the threat is made. *Id.* at 488.

■  ¶15  In other words, contrary to the State's assertion, the harassment statute requires that the person threatened learn of the threat and be placed in reasonable fear that the threat will be carried out. As a result, the State had to prove that Mr. Kiehl knowingly threatened to kill Judge Matheson, that Judge Matheson learned of the threat communicated to Ms. Clark, and that, upon learning of this threat, Judge Matheson was placed in reasonable fear that the threat would be carried out.

■  ¶16  The to-convict instruction is a misstatement of the elements needed to convict Mr. Kiehl of felony harass-

ment based on his statements threatening to kill Judge Matheson. This to-convict statement does not include the element that Judge Matheson was placed in reasonable fear that the threat would be carried out. Because of this misstatement, the instruction here is clearly prejudicial and the error was not harmless.

¶17 *Sufficiency of the Evidence.* Mr. Kiehl contends the evidence is insufficient to establish that Judge Matheson was aware of Mr. Kiehl's threat or that Judge Matheson was placed in reasonable fear that Mr. Kiehl might carry out this threat.

■■ ¶18 In reviewing evidence sufficiency challenges, we view the evidence in a light most favorable to the State, asking whether any rational trier of fact could find guilt beyond a reasonable doubt. *State v. Salinas*, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). A claim of evidence insufficiency admits the truth of the State's evidence. *State v. Sanchez*, 60 Wn. App. 687, 693, 806 P.2d 782 (1991) (quoting *State v. Porter*, 58 Wn. App. 57, 60, 791 P.2d 905 (1990)).

¶19 The information charged Mr. Kiehl with felony harassment based on a threat to cause bodily injury to Judge Matheson. To obtain a conviction here, the State had to demonstrate that Judge Matheson—not Ms. Clark—was informed of the threat and placed in reasonable fear that the threat would be carried out. Judge Matheson did not testify and no evidence was presented indicating that he was placed in reasonable fear that the threat would be carried out.

■ ¶20 The evidence is insufficient to support the crime charged. The remedy is reversal and remand for judgment of dismissal with prejudice. *See State v. Rodgers*, 146 Wn.2d 55, 60, 43 P.3d 1 (2002).

KATO, C.J., and SCHULTHEIS, J., concur.

Review denied at 156 Wn.2d 1013 (2006).